STATE v. ROBERT J. FINNERTY.
STATE v. GERALD A. FINNERTY.

248 N. W. 2d 729.

December 10, 1976—Nos. 46275, 46276.

*Warren Spannaus*, Attorney General, *William B. Randall*, County Attorney, and *Steven C. DeCoster*, Assistant County Attorney, for appellant.

*Thomson, Wylde & Nordby* and *John R. Wylde, Jr.*, for respondent Robert J. Finnerty.

*Joseph S. Friedberg*, for respondent Gerald A. Finnerty.

Heard before Kelly, Todd, and Breunig, JJ., and considered and decided by the court en banc.

SCOTT, JUSTICE.

These are appeals by the state from a pretrial order dismissing an information against two defendants. We reverse.

The information charges that defendants "did wrongfully and unlawfully and with intent that it [sic] shall be used for the purpose of gambling, offer for sale at 1916 University Avenue, St. Paul, Minnesota gambling devices, to-wit: punchboards." The statute indicated in the charge is Minn. St. 609.76, which provides:

"Whoever does any of the following may be sentenced to imprisonment for not more than one year or to payment of a fine of not more than $1,000, or both:

"(1) Maintains or operates a gambling place or operates a bucket shop; or

"(2) Intentionally participates in the income of a gambling place or bucket shop; or

"(3) Conducts a lottery, or, with intent to conduct a lottery, possesses facilities for doing so; or

"(4) Sets up for use for the purpose of gambling, or collects the proceeds of, any gambling device or bucket shop; or

"(5) *With intent that it shall be so used, manufactures, sells or offers for sale, in whole or any part thereof, any gambling device including those defined in Minnesota Statutes, Section 325.53, Subdivision 2, and any facility for conducting a lottery;* or

"(6) Receives, records, or forwards bets or offers to bet or, with intent to receive, record, or forward bets or offers to bet, possesses facilities to do so." (Italics supplied.)

The trial court dismissed the information, holding that the failure to allege that defendants also offered for sale a "facility for conducting a lottery" resulted in a failure to state a public offense under Minn. St. 609.76(5). The state elected not to amend or re-charge, conceding that it could not allege the above, because its only evidence involved sales to charitable or fraternal

organizations, which activities are expressly excluded by the definition of "lottery" in Minn. St. 609.75, subd. 1. That subdivision provides:

"A lottery is a plan *designed for or resulting in any private pecuniary gain to the sponsors or their agents, and which provides* for the distribution of money, property or other reward or benefit to persons selected by chance from among participants some or all of whom have given a consideration for the chance of being selected. Acts in this state in 'furtherance of a lottery conducted outside of this state are included notwithstanding its validity where conducted."[1]

The trial court reasoned that the use of the conjunctive "and" in § 609.76(5) evinced an intent on the part of the legislature to require that the forbidden item be both a "gambling device" *and* a "facility for conducting a lottery." This reasoning was expressed as follows:

"The Court is of the view that an appropriate reading of the statute prohibits the proceedings herein from continuing as there are five elements included in the statutory proscription and only four elements are alleged in the Information, thereby rendering the charge inappropriate as failing to state a crime. Specifically, in addition to the jurisdictional element of date and county, the other elements are:

"(1)    specific criminal intent;

"(2)    an allegation of sale or offer to sell;

"(3)    an allegation that what is sold or offered is a gambling device; and

"(4)    an allegation that what is sold or offered is a facility for conducting a lottery.

"In other words, it is incumbent upon the State to show that the prohibited item is a gambling device, *and* a facility for conducting a lottery (facility being anything which promotes the

---

[1] Italicized words added by L. 1971, c. 947, § 1.

ease of any action, operation, transaction, or course of conduct). Black's Law Dictionary, 4th Edition.

"The logic of this reading is that the legislation was, in the view of this Court, seeking to avoid creating a criminal liability for someone selling a gambling device (for example a deck of cards or set of dice) who was not at the same time selling something which was a facility for conducting a lottery. Stated positively, in order to state an offense both items or elements have to come together, that is, a gambling device which is a facility for conducting a lottery. This latter element is then an essential element of the charge and the failure to state it voids the Information as a viable charging device."

While the trial court's reasoning is not altogether unpersuasive, we must respectfully disagree with its construction of the statute.

As part of the 1963 revision of the Criminal Code of the state of Minnesota, there is a useful Advisory Committee Comment (40A M. S. A. p. 99) that reads as follows:

"Gambling falls into three general categories: (1) betting, (2) lotteries, and (3) gambling machines. All have in common the risk of loss or gain depending on the element of chance.

"While present statutes distinguish lotteries from the other two forms of gambling, betting and gambling machines are intermixed in the statutes."

Further, the 1963 revision, resulting in Minn. St. 609.76(3), shows no indication that the legislature intended to combine lotteries and gambling devices in the same definition. There was also no attempt to amend Minn. St. 325.53, subd. 2, which defines "gambling devices." If "any facility for conducting a lottery" and "any gambling device" were intended by the legislature to be read together, as the trial court suggests, then it could be said that the manufacture, sale, or offer for sale of all gambling devices for other than "private pecuniary gain," including slot machines, would be legal in Minnesota. It does not appear to this

court that the legislature intended such a result. We believe Minn. St. 609.76(5) was intended to penalize the manufacture, sale, or offer for sale of tangible property essential to and incidental to the practice of gambling generally. Punchboards, which were alleged herein to have been offered for sale, are gambling devices and are specifically included in § 325.53, subd. 2, which provides:

" 'Gambling devices' means slot machines, roulette wheels, punchboards, number jars and pin ball machines which return coins or slugs, chips, or tokens of any kind, which are redeemable in merchandise or cash."

Minn. St. 609.75, subd. 4, further provides:

"A gambling device is a contrivance which for a consideration affords the player an opportunity to obtain something of value, other than free plays, automatically from the machine or otherwise, the award of which is determined principally by chance."

We conclude from our reading of the gambling statutes that the state's position is correct. In § 609.76(5), the legislature was not indicating that the definitions of lotteries and gambling devices were in any way combined. In addition, the 1971 change in § 609.75, subd. 1, which, in effect, excludes charitable lotteries from the statutory definition of lottery, is not properly relevant to the decision here. The 1971 amendment pertains only to lotteries and not to gambling devices. We are not willing to read the effect, that the trial court suggested such an interpretation would have, into that amendment without a clear indication that such was the legislative intent.

The issue therefore resolves itself very narrowly but clearly. The punchboards, which were alleged to have been offered for sale, are gambling devices.

Reversed and remanded.